[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10442
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60198-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAZZY DEVANTE JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 21, 2016)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jazzy Johnson appeals his convictions for possession with intent to distribute cocaine and flakka, 21 U.S.C. § 841(a)(1) (Count 1); possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i) (Count 3).  Johnson argues that the evidence was insufficient to convict him on Count 1 because the district court erred in admitting into evidence two pieces of evidence that contributed to his conviction: extrinsic evidence concerning a prior arrest for possession of crack cocaine with the intent to distribute, and the expert opinion of a law enforcement officer concerning Johnson's intention to distribute the drugs in his possession.  Johnson argues that the evidence was insufficient to convict him on Count 2 because the firearm's out-of-state origins do not constitute an interstate nexus sufficient to support federal jurisdiction.   He challenges the evidence to convict on Count 3 on the ground that the conviction on Count 1, the drug trafficking crime involved, cannot stand.

Johnson acknowledges that our precedent---though in his view misguided---forecloses his Count 2 argument.  Appellant's Br. at 25.  We therefore do not consider it.

Because Johnson moved for a judgment of acquittal on all counts pursuant to Fed. R. Crim. P. 29 at the close of the government's case-in-chief and at the close of all evidence, these claims are preserved.  As such, we review *de novo* whether

2

the evidence was sufficient to sustain Johnson's convictions, viewing the evidence in the light most favorable to the government, and drawing all reasonable factual inferences in favor of the jury's verdict. *United States v. Jiminez,* 564 F.3d 1280, 1284 (11th Cir. 2009). Accordingly, evidence is sufficient to support a conviction if "a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *Id.* at 284-85. Whether the evidence is direct or circumstantial, we will accept all reasonable inferences that tend to support the government's case. *United States v. Williams,* 390 F.3d 1319, 1324 (11th Cir. 2004). A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence. *United States v. Frank,* 599 F.3d 1221, 1233 (11th Cir. 2010).

Credibility questions are for the jury, and we will assume that the jury answered them all in a manner that supports the jury's verdicts. *Jiminez,* 564 F.3d at 1285; *United States v. Thompson,* 473 F.3d 1137, 1142 (11th Cir. 2006). Testimony will not be considered incredible as a matter of law unless it is testimony that on its face cannot be believed, such as testimony as to facts that the witness could not have observed or events that could not have occurred under the laws of nature. *United States v. Rivera,* 775 F.2d 1559, 1561 (11th Cir. 1985). A jury is free to choose among alternative, reasonable interpretations of the evidence, *Frank,* 599 F.3d at 1233, so the government's proof need not exclude every

3

reasonable hypothesis of innocence. *Jiminez,* 564 F.3d at 1285; *United States v. Cruz-Valdez,* 773 F.2d 1541, 1544-45 (1985) (*en banc*).

Regarding Johnson's argument that the district court erred in admitting extrinsic evidence of his prior arrest, evidence of other crimes may be admissible for purposes such as proof of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). We have held that in order for evidence of other crimes to be admissible under Federal Rule of Evidence 404(b), (1) it must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403. *United States v. Edouard,* 485 F.3d 1324, 1344 (11th Cir. 2007).

Regarding Johnson's argument that the district court erred in admitting the expert testimony of a law enforcement officer, we review the district court's decision to admit expert testimony for an abuse of discretion. *United States v. Frazier,* 387 F.3d 1244, 1258 (11th Cir. 2004) (*en banc*). We also review a district court's rejection of a Rule 403 challenge for an abuse of discretion. *United States v. Jernigan*, 341 F.3d 1273, 1284 (11th Cir. 2003). Under this standard of review,

4

we will affirm unless the district court made a clear error of judgment or applied the wrong legal standard.  *Frazier*, 387 F.3d at 1259.

Federal Rule of Evidence 702 permits expert testimony if "specialized knowledge" will help the jury "to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  A witness may be "qualified as an expert by knowledge, skill, experience, training, or education."  *Id.*  The Federal Rules compel the district court to perform a critical "gatekeeping" function with respect to the admission of expert scientific or technical evidence by conducting an "exacting analysis" of the foundation of the opinions to ensure they meet the admissibility requirements.  *Frazier,* 387 F.3d at 1259 (quotations omitted).

> Before admitting expert testimony, the district court must consider whether:
>
> > the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Id.* at 1260.  The proponent of expert testimony, in this case the government, bears the burden to demonstrate that these requirements have been met.  *Id.*

An expert may be qualified by experience in a field alone.  Fed. R. Evid. 702; *Frazier,* 387 F.3d at 1260-61.  Such a witness should explain how his experience leads to his opinion, why his experience is a sufficient basis for his

5

opinion, and how he reliably applied his experience to the facts. *Frazier*, 387 F.3d at 1261. The test of reliability is flexible, however, and a district court has broad latitude in deciding how to determine reliability. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141-42, 119 S. Ct. 1167, 1171, 143 L. Ed. 2d 238 (1999).

With the foregoing principles in mind, we consider Johnson's challenges to Counts 1 and 3, respectively.

## I.

Johnson argues that the evidence was insufficient to convict on Count 1. He does not dispute that he possessed a controlled substance; rather, he contends that the evidence failed to demonstrate that he had the intent to distribute it. The jury found him guilty, he argues, because the district court abused its discretion in admitting two pieces of evidence. One piece, which was admitted under Rule 404(b), was a prior conviction for crack cocaine possession. The other was a detective's opinion that Johnson's possession of the drugs with which he was caught, cocaine and flakka, was consistent with distribution and not personal use.

The prior conviction was introduced to prove motive, intent and knowledge, elements of the Count 1 offense which Johnson placed in issue with his plea of not guilty. Johnson does not dispute that the crack cocaine conviction was relevant to those elements; his point is that the probative value of the evidence was

6

substantially outweighed by its undue prejudicial effect.  We are not persuaded that the court abused its discretion in weighing the matters of relevance and prejudice in accordance with Rule 404(b), and accordingly reject Johnson's point.

As for the detective's testimony, the district court held a pretrial hearing at which the parties presented argument regarding the detective's expertise.  It was not a formal *Daubert* hearing in which the court considers the proffer of the expert's qualifications and the reliability of the expert's opinion; Johnson didn't request one.  After considering the parties' arguments, the court denied Johnson's motion to exclude the detective's testimony.  At trial, the government thoroughly questioned the detective concerning his qualifications and experience before tendering him as a witness for examination by defense counsel.  Given these circumstances, we conclude that the court adequately performed its gate keeping requirements; it fully considered the detective's qualifications and the reliability of his testimony.  In short, the court did not abuse its discretion in allowing the detective to testify.

## II.

The government's burden on Count 3 was to establish that Johnson "(1) knowingly (2) possessed a firearm (3) in furtherance of [a] drug trafficking crime for which he could be prosecuted in a court of the United States." *United States v. Woodard,* 531 F.3d 1352, 1362 (11th Cir. 2008).  The government's position is that

Johnson does not dispute that he knowingly possessed a firearm while committing the Count 1 offense.  Rather, all Johnson questions is whether he committed the offense.  Since we have concluded that he did so, his Count 3 challenge fails.

Johnson's convictions on all three counts are affirmed for the reasons stated above.

AFFIRMED.